1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   HELEN SOPHIA PURDY,                        No.  2:12-cv-01830 JAM DAD P

12                  Petitioner,

13          v.                                  ORDER

14   BUTTE COUNTY SUPERIOR COURT,
     et al.,
15
                    Respondents.
16

17

18          Petitioner, a former inmate proceeding pro se, filed an application for a writ of habeas

19   corpus pursuant to 28 U.S.C. § 2254.  Petitioner has paid the filing fee.  Petitioner initiated this

20   habeas action on July 11, 2012 by filing voluminous documents and a form petition designed for

21   use in California state courts with this federal court.  (ECF No. 1.)   On April 11, 2013, the

22   undersigned issued an order noting the deficiencies of that initial filing and granting petitioner

23   thirty days to file a proper petition for federal habeas relief.  (ECF No. 13.)  When, after granting

24   petitioner an extension of time to comply with that order, no amended federal petition was

25   received by the court, on July 2, 2013, the undersigned issued findings and recommendation

26   recommending that this action be dismissed due to petitioner's failure to comply with the court's

27   orders.  (ECF No. 18.)  On September 5, 2013, those findings and recommendations were adopted

28   in full and judgment was entered.  (ECF Nos. 24 and 25.)

1

1    However, on August 8, 2013, petitioner had filed objections to those findings and

2    recommendations, a motion for extension of time and an amended federal habeas petition.  (ECF

3    Nos. 21-23.)  Once it was realized that petitioner had belatedly responded to the findings and

4    recommendations, once September 20, 2013, the assigned District Judge vacated the judgment

5    dismissing this action, reopened the case, and referred it back to the undersigned.  Accordingly,

6    below the court will address petitioner's amended petition filed on August 8, 2013.

7    **I. Petitioner's Amended Petition**

8    As with her first petition filed in this court, the allegations of petitioner's amended petition

9    are convoluted and difficult to decipher.  However, it appears from those allegations that

10   petitioner may be seeking to challenge two distinct state court convictions through a single

11   federal habeas petition.  In this regard, petitioner first alleges that on May 31, 2008, she was

12   arrested for assault with a deadly weapon and entered a plea of not guilty to that charge.  She

13   refers to that action as Butte County Superior Court Case No. CMO29146.  Although not entirely

14   clear, it appears that petitioner is asserting that the criminal complaint filed in that case against

15   here was defective because it was amended to add an allegation of great bodily injury but that the

16   amended complaint was never endorsed or officially filed.[1]

17   Second, petitioner alleges that on July 23, 2008, she was arrested for driving under the

18   influence of alcohol and possession of a controlled substance.  She refers to that criminal action

19   as Butte County Superior Court Case No. SCR67622.  Petitioner alleges that she pled not guilty

20   to those charges and again contends that the criminal complaint brought against her in that action

21   was unlawful because it was not properly endorsed.[2]

---

[1]  The undersigned notes that one of the documents attached to petitioner's original filing in this
action was a copy of the March 2, 2010 opinion of the California Court of Appeal for the Third
Appellate District affirming petitioner's judgment of conviction on the charge of assault by means
of force likely to produce great bodily injury which was entered in Butte County Superior Court
Case No. CMO29146.  According to the state appellate court, in that case petitioner "entered a
negotiated plea of no contest to assault by means of force likely to produce great bodily injury . . .
and other charges were dismissed, including those in a separate case against defendant."  (ECF 1-
1 at 64.)

[2]  The disposition of this second criminal case is unclear based upon the allegations of the petition
before this court.

2

Here, petitioner alleges that she received ineffective assistance of counsel from the deputy public defender appointed to represent her.  Specifically, petitioner contends that she received ineffective assistance of counsel because her attorney did not raise the alleged deficiencies with the criminal complaint filed in her case, deprived petitioner of her right to a preliminary hearing and trial, and failed to challenge the great bodily injury enhancement allegation.   In addition to seeking an order vacating her judgment of conviction and the expungement of her convictions from "law enforcement records" and other records, petitioner seeks two million dollars in damages.

Because of various and obvious deficiencies of petitioner's amended petition, the amended petition will be dismissed and petitioner will be granted leave to file a second amended federal habeas petition which cures the deficiencies noted by the court below.[3]

## II.  Deficiencies with Amended Petition

### A.  Naming the Proper Respondent

Petitioner has named as respondents in this action, Butte County, the State of California and the Attorney General of California.  Petitioner currently resides in Worchester, New York.  (ECF No. 20.)  It appears that when the original petition was filed in this court, petitioner was still on parole in California.  Under Rule 2 of the Rules Governing Section 2254 Cases, if petitioner is currently on parole, the proper respondent is the parole officer responsible for petitioner's supervision or the official in charge of the California probation agency.  See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996).  If petitioner is no longer on parole, the proper respondent is the Attorney General for the State of California.

### B. Clarifying the Conviction Being Challenged

As noted above, it appears that petitioner is seeking to challenge two separate state court convictions in this single federal habeas action.  On the other hand, in her original petition it appeared that petitioner was challenging only her conviction for assault with a deadly weapon

---

[3]  In light of this order dismissing the amended petition and granting petitioner leave to file a second amended petition to clarify her claims for federal habeas relief, the petitioner's motion for clarification (ECF No. 27) of the undersigned's April 11, 2013 order is denied as moot.

1    with great bodily injury.  Now in the amended petition, in addition to challenging her assault

2    conviction, petitioner appears to also be attempting to challenge her conviction for possession of a

3    controlled substance which apparently stemmed from her arrest for driving while under the

4    influence of alcohol.

5        Under Rule 2(e) of the Rules Governing Section 2254 Cases, petitioner may challenge

6    only one judgment in a federal habeas action.  Accordingly, if she is seeking to challenge two

7    convictions, petitioner must file two separate federal habeas actions.  It is possible, however, that

8    the court has misinterpreted the nature of petitioner's challenge.  Therefore, in any second

9    amended petition she elects to file in this action petitioner should clarify the single judgment of

10    conviction she is challenging in this federal habeas action.

11        **C.  Clarifying the Grounds for Relief**

12        In her amended petition petitioner contends that she did not receive a preliminary hearing

13    or trial.  In any second amended petition she elects to file in response to this order petitioner is

14    directed to include additional factual allegations.  In this regard, petitioner mentions that motions

15    were filed to withdraw her waiver of preliminary hearing and to withdraw her plea.  The court

16    cannot address petitioner's claims without allegations regarding the dates petitioner claims such

17    motions were filed in state court, whether the motions were filed by her appointed counsel, the

18    court that plaintiff contends considered the motions, that court's rulings in response to those

19    motions, and the dates of the court's orders denying petitioner's motions.

20        **D.  Monetary Damages**

21        In addition to seeking to vacate her judgment or judgments of conviction, petitioner has

22    also requested that she be awarded two million dollars presumably in damages.  Such monetary

23    relief is not available in a federal habeas action.  See Preiser v. Rodriguez, 411 U.S. 475, 484

24    (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of

25    that custody, and that the traditional function of the writ is to secure release from illegal

26    custody.")  Therefore, in any second amended petition she may elect to file, petitioner should not

27    request the award of monetary damages.

28    /////

1      **E.  Showing Exhaustion of State Court Remedies**

2          Petitioner is also advised that the exhaustion of state court remedies is a prerequisite to the

3   granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be

4   waived, it must be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[4]  A waiver

5   of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion

6   requirement by providing the highest state court with a full and fair opportunity to consider all

7   claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971);

8   Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).

9          In any second amended petition she elects to file in this action, petitioner is directed to

10  provide specific allegations showing that she has exhausted her ineffective assistance of counsel

11  claims in state court.  In this regard, the undersigned notes that in petitioner's direct appeal from

12  her assault conviction to the California Court of Appeal for the Third Appellate District, she did

13  not raise an ineffective assistance of counsel claim.  (See ECF No. 1-1 at 64-66.)  Moreover,

14  although petitioner states that she filed a habeas petition with the Butte County Superior Court,

15  there is no indication that she presented an ineffective assistance of counsel claim in that state

16  habeas petition.  Finally, petitioner has not alleged that she has presented any ineffective

17  assistance of counsel claims to the California Supreme Court and that the California Supreme

18  Court issued a ruling on those claims prior to her filing of this federal habeas action as required.

19  **III.  Conclusion**

20         In accordance with the above, IT IS HEREBY ORDERED that:

21         1.  Petitioner is granted thirty days from the date of service of this order to file a second

22  amended petition for a writ of habeas corpus that complies with the requirements of the Federal

23  Rules of Civil Procedure and with the directives set forth above; the second amended petition

24  must bear the docket number assigned this case and must be labeled "Second Amended Petition

25  for a Writ of Habeas Corpus;" petitioner must use the form petition provided by the Clerk of the

26  Court and answer each question posed on that form petition; petitioner must provide allegations

27

28  [4]  A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

1  demonstrating the exhaustion of each of her claims for relief in state court; petitioner's failure to

2  file a second amended petition in accordance with this order will result in a recommendation that

3  this action be dismissed.

4       2.  Petitioner's September 23, 2013 request for clarification (ECF No. 27) is denied as

5  moot.

6       3.  The Clerk of the Court is directed to provide petitioner with the court's form petition

7  for a writ of habeas corpus by a state prisoner.[5]

8  Dated:  October 18, 2013

9

10                DALE A. DROZD

11                UNITED STATES MAGISTRATE JUDGE

12  DAD:4
   pur1830.lta2

---

[5]  Although petitioner is no longer a state prisoner, she should use the form petition for a state prisoner since she was on parole and in state custody at the time she initially filed this federal habeas action.

6