UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELEN SOPHIA PURDY,<br><br>   Petitioner,<br><br>   v.<br><br>BUTTE COUNTY SUPERIOR COURT,<br><br>   Respondent. | No.  2:12-cv-01830 JAM DAD P<br><br>FINDINGS AND RECOMMENDATIONS |

  Petitioner is a former state prisoner, currently residing in New York, who is proceeding pro se in this habeas corpus action filed pursuant to 28 U.S.C. § 2254.  Petitioner paid the required filing fee.  Pending before the court is petitioner's request that this action be stayed pending her exhaustion of unexhausted claims in state court.  For the reasons that follow, the undersigned recommends that petitioner's motion to stay be denied, and this action be dismissed.

I. Background

  This court previously reviewed petitioner's "convoluted and difficult to decipher" filings (ECF No. 28 at 2), identified the deficiencies in those filings, and directed petitioner to file an amended habeas petition containing allegations demonstrating that the claims presented had been exhausted by presentation to the highest state court.  The most significant deficiencies noted by the court in that order included petitioner's apparent attempt to challenge more than one judgment of conviction in this federal habeas action; her failure to clearly identify the dates, actors and

1

court rulings allegedly involved in the challenged conviction or convictions; the improper inclusion of a monetary damages claim in this federal habeas action; and petitioner's failure to allege the exhaustion of her claims in state court.[1] (See ECF No. 28.)

On October 21, 2013, the court granted petitioner leave to file, within thirty days, a second amended petition that complies "with the requirements of the Federal Rules of Civil Procedure and with the directives" specifically identified by the court; and to "provide allegations demonstrating the exhaustion of each of her claims for relief in state court." (ECF No. 28 at 5-6.) Petitioner was expressly informed that "failure to file a second amended petition in accordance with this order will result in a recommendation that this action be dismissed." (ECF No. 28 at 6.)

In response, on November 27, 2013, petitioner filed the instant motion to stay (ECF No. 33), and a supporting memorandum entitled "Response to: Order (Dated 10/18/2013)" (ECF No. 34), requesting that the court stay petitioner's previously-filed habeas petition, so that she may exhaust her claims in state court.[2]

II. Motion to Stay

    A. Stay and Abeyance Procedures

Two procedures are available to federal habeas petitioners who wish to proceed with exhausted and unexhausted claims for relief. The "Kelly procedure," outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), has been described by the Ninth Circuit Court of Appeals to involve the following three-step process:

> (1) the petitioner amends his petition to delete any unexhausted claims, (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to

/////

---

[1] Habeas petitioners are required to exhaust their claims in state court before seeking relief in federal court. 28 U.S.C. § 2254(b). The exhaustion doctrine ensures that state courts will have a meaningful opportunity to consider allegations of constitutional violation without interference from the federal judiciary. Rose v. Lundy, 455 U.S. 509, 515 (1982). Exhaustion requires fair presentation of the substance of a federal claim to the state courts. Picard v. Connor, 404 U.S. 270, 276, 278. In order to exhaust, a federal claim must be presented to the state's highest court. Castille v. Peoples, 489 U.S. 346 (1989).

[2] Petitioner has also noted that she filed a "motion" in the United States Supreme Court.

> state court to exhaust the deleted claims, and (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.

King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009).  A petitioner who proceeds under Kelly will be able to amend his petition with newly exhausted claims if they are timely under the statute of limitations governing the filing of federal habeas petitions.  If a petitioner's newly-exhausted claims are untimely, he will be able to amend his petition to include them only if they share a "common core of operative facts" with the claims in the original federal petition.  In this regard, the Kelly procedure, unlike the alternative procedure discussed below, is a riskier one for a habeas petitioner because it does not protect a petitioner's unexhausted claims from expiring during a stay and becoming time-barred.  See King, 564 F.3d at 1140-41; see also Duncan v. Walker, 533 U.S. 167, 172-75, (2001) (unlike the filing of a state habeas petition, the filing of a federal habeas petition does not toll the statute of limitations).

As the Ninth Circuit explained in King, the United States Supreme Court has authorized a second procedure for pursuing both exhausted and unexhausted claims, set forth in Rhines v. Weber, 544 U.S. 269, 277 (2005).  Under the Rhines procedure, the petitioner may proceed on a "mixed petition," i.e., one containing both exhausted and unexhausted claims, and his unexhausted claims remain pending in federal court while he returns to state court to exhaust them.  See King, 564 F.3d at 1140; Jackson v. Roe, 425 F.3d 654, 660 (9th Cir. 2005) ( "Rhines concluded that a district court has discretion to stay a mixed petition to allow a petitioner time to return to state court to present unexhausted claims.").

A petitioner who proceeds under Rhines can, in many instances, avoid a statute of limitations problem with respect to his unexhausted claims.  See King, 564 F.3d at 1140.  However, the requirements are more stringent for the granting a of stay under Rhines, as compared to Kelly.  The Supreme Court has cautioned that a "stay and abeyance [under the Rhines procedure] should be available only in limited circumstances," and "district courts should place reasonable time limits on a petitioner's trip to state court and back."  Rhines, 544 U.S. at 277-78.  District courts should not grant a stay under Rhines if the petitioner has engaged in abusive litigation tactics or intentional delay, or if the unexhausted claims are plainly meritless.

<u>Id.</u> at 278. Further, under <u>Rhines</u>, "'stay-and-abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.'" <u>King</u>, 564 F.3d at 1139 (quoting <u>Rhines</u>, 544 U.S. at 277–78).[3]

The decisions in both <u>Kelly</u> and <u>Rhines</u> "are directed at solving the same problem -- namely, the interplay between AEDPA's one-year statute of limitations and the total exhaustion requirement first articulated in <u>Rose v. Lundy</u>, 455 U.S. 509 (1982)." <u>King</u>, 564 F.3d at 1136.

B.  The Amended Petition Contains No Exhausted Claims

The deficiencies in the instant amended petition, previously identified by the court and noted above, include the following:

> [I]t appears from those allegations that petitioner may be seeking to challenge two distinct state court convictions through a single federal habeas petition. In this regard, petitioner first alleges that on May 31, 2008, she was arrested for assault with a deadly weapon and entered a plea of not guilty to that charge. She refers to that action as Butte County Superior Court Case No. CMO29146. . . . Second, petitioner alleges that on July 23, 2008, she was arrested for driving under the influence of alcohol and possession of a controlled substance. She refers to that criminal action as Butte County Superior Court Case No. SCR67622 . . . . Under Rule 2(e) of the Rules Governing Section 2254 Cases, petitioner may challenge only one judgment in a federal habeas action. Accordingly, if she is seeking to challenge two convictions, petitioner must file two separate federal habeas actions.

(ECF No. 28 at 2, 4.) Review of this court's records indicates that petitioner has not filed a separate federal habeas action in this court challenging any of the judgments of conviction referred to in her petition filed in this action.[4] Moreover, in her motion to stay, petitioner references yet another state court criminal prosecution against her, "Butte County Superior Court Case . . . CM029428." (ECF No. 34 at 2; <u>see also</u> ECF No. 32 at 4-5 (felony complaint dated

---

[3] The <u>Kelly</u> procedure, which remains available after <u>Rhines</u>, does not require a showing of good cause. <u>King</u>, 564 F.3d at 1140.

[4] This court may take judicial notice of its own records and the records of other courts. <u>See</u> <u>United States v. Howard</u>, 381 F.3d 873, 876 n.1 (9th Cir. 2004); <u>United States v. Wilson</u>, 631 F.2d 118, 119 (9th Cir. 1980); <u>see also</u> Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

June 3, 2008).)

In an effort to identify petitioner's underlying cases and clarify their status, the undersigned has reviewed the records of the California Supreme Court and the California Court of Appeal for the Third Appellate District, which in turn reference pertinent cases brought against petitioner in the Butte County Superior Court . See n. 3, above.  There is no record of appeal in Superior Court Case No. CM029428, or Superior Court Case No. SCR67622; only Superior Court Case No. CMO29146 was appealed by petitioner. [5] There is no record of petitioner seeking review with respect to any of her cases in the California Supreme Court.

The appeal pursued by petitioner with respect to Butte County Superior Court Case No. CMO29146 resulted in an unpublished decision by the California Court of Appeal on March 2, 2010, affirming petitioner's judgment of conviction and sentence. See People v. Purdy, No. C061471, 2010 WL 709207 (2010).  On appeal in that case petitioner challenged "a negotiated plea of no contest to assault by means of force likely to produce great bodily injury . . . [which included that] other charges were dismissed, including those in a separate case against defendant."  Id. at *1.  The "other charges" and "separate case" referenced in the California Court of Appeal's opinion are not identified therein, and the briefs filed in that case are not before this court.   Review of petitioner's original 700-page petition and exhibits do not readily disclose the purported rationale for petitioner's challenge to more than one conviction in one federal habeas action.  Nevertheless, even assuming that petitioner's March 12, 2009, judgment of conviction and sentence in Butte County Superior Court Case No. CMO29146, and her appeal therefrom, could reasonably be construed to resolve charges brought against her in one of the other cases, the instant petition must be dismissed.

It is clear that petitioner has exhausted none of her federal habeas claims by presenting them first to the state's highest court. See Picard, 404 U.S. at 276; Middleton v. Cupp, 768 F.2d

---

[5]  Petitioner initially filed a notice of appeal in Butte County Superior Court Case No. CMO29146, on October 10, 2008.  On October 30, 2008, that appeal, however, was dismissed as premature and the dismissal order was designated unappealable.  See Court of Appeal Case No. C060105.  Petitioner again filed a notice of appeal in Butte County Superior Court Case No. CMO29146, on March 27, 2009, challenging her March 12, 2009 judgment of conviction and sentence.  That appeal resulted in the unpublished decision discussed above.

1083, 1086 (9th Cir. 1985) (a petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider a claim before presenting it to the federal court.) Because the amended petition contains no exhausted claims, it cannot be stayed under either Kelly (allowing for a stay of a petition containing only exhausted claims) or Rhines (permitting the stay of a petition containing both exhausted and unexhausted claims). Therefore, petitioner's request to stay her amended petition containing only unexhausted claims should be denied.

III. Dismissal

Petitioner was cautioned, in this court's October 21, 2013 order, that her failure to file a second amended petition within thirty days would result in a recommendation that this action be dismissed. (ECF No. 28 at 6.) Petitioner instead filed a motion to stay her amended petition, which the court has found is without merit. Moreover, further amendment of the pending petition would be futile for the reasons set forth above.

Federal Rule of Civil Procedure 41 authorizes dismissal of an action for failure to prosecute, or to comply with a court order or the Federal Rules. See Fed. R. Civ. P. 41(b). Petitioner failed to comply with the court's order, and her unexhausted federal habeas petition fails to comply with the Federal Rules. See 28 U.S.C. § 2254(b)(1).

For these reasons, this action should be dismissed. Fed. R. Civ. P. 41(b). Should petitioner exhaust state court remedies on any of her claims, she may then file a new federal habeas action pursuant to 28 U.S.C. §2254.[6]

/////

/////

---

[6] However, the undersigned observes that any federal habeas application pursued by petitioner after exhausting her claims may well be time-barred. Petitioner is advised that the habeas corpus statute imposes a one-year statute of limitations for filing non-capital habeas corpus petitions in federal court. The limitation period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The statute of limitations is statutorily tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d). Here, it appears that petitioner may be seeking to challenge judgment of convictions that became final as long ago as 2010.

IV. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion to stay this action (ECF No. 33), be denied.

2. This action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 9, 2014

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
purd1830.mtn.stay.dsms.